IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

SHARON TEDESCO, et al.,

Plaintiffs,

v.

Civil Action No. 1:23-1030

SPOONFLOWER, INC., et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiffs' motion for leave to file an amended complaint. See ECF No. 27. For the reasons explained below, the motion is **DENIED.**

## I. Background

As the court summarized in its prior order, see ECF No. 24, this case arises from defendants' alleged patent infringement. Plaintiffs Sharon and Marc Tedesco patented an invention called "Fabric Having a Procedure Map," intended to improve the "[a]ccurate measuring, marking, and cutting of fabric . . . for many applications, including upholstery of furniture and the fabrication of garments, draperies linens and quilts." Patent No. 7,310,885 (ECF Nos. 1-1 and 27-2). According to the patent, the process requires "careful and repetitive work." See id.

The initial patent contains thirty-two patent "claims." See id. at 7-9. Claim 24, like the "Summary of the Invention," describes the invention as "[a] fabric which has a procedure map thereon, the procedure map comprising at least one set of machine-made markings . . . ." Id. at 8. Claim 24 goes on to describe the various ways in which the markings may appear on the fabrics and the fabric characteristics they may identify. See id.

The Tedescos filed a continuation of the patent on August 12, 2008. See Patent No. 7,409,769, ECF Nos. 1-2 and 27-3. This patent sets forth twenty claims. See id. Those claims, like the initial patent, describe the invention as a "fabric having a procedure map thereon . . . ." Id. at 7-8.

Defendant Spoonflower engages in the custom fabric printing business and is a subsidiary of defendant Shutterfly. See Compl., ECF No. 1 at ¶¶ 2, 4-5. The Tedescos filed this lawsuit against defendants alleging that Spoonflower infringed upon the procedure map patents by selling "products that infringe claims of the Asserted Patents, and using methods that infringe claims of the Asserted Patents, including but not limited to fabrics comprising procedure maps that facilitate the cutting and shaping of fabric for its consumers' projects . . . ." See id. at ¶ 19.

Defendants filed a motion to dismiss, arguing that the procedure map is an "abstract idea" not patentable under 35 U.S.C. § 101. By Memorandum Opinion and Order, the court granted defendants' motion to dismiss. See ECF No. 24. The instant motion followed.

## II. Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, unless a party is permitted to amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Although patent appeals are reviewed by the United States Court of Appeals for the Federal Circuit, the regional circuit law determines the standard for motions to amend. See Mobile Acuity Ltd. v. Blippar Ltd., 110 F. 4th 1280, 1288 (Fed. Cir. 2024) (citing Bot M8 LLC v. Sony Corp. of Am., 4 F.4th 1342, 1357 (Fed. Cir. 2021)).

In Foman v. Davis, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." See also Matrix Cap.

Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009) ("[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile.").

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (quoting United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir.2008) (internal quotation marks omitted)).

## III. Discussion

### A.

In its earlier order granting defendants' motion to dismiss, the court found that the claims asserted by plaintiffs were patent-ineligible subject matter. See ECF No. 24. Section 101 of the Patent Act defines patent-eligible subject matter as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. An implicit exception applies to this statute: "Laws of nature, natural phenomena, and abstract

ideas are not patentable." Alice Corp. Pty., Ltd. v. CLS Bank Int'l, 134 S. Ct. 2347, 2354 (quoting Ass'n for Molecular Pathology v. Myriad Genetics, Inc., 133 S. Ct. 2107, 2116 (2013)). While abstract ideas are not patentable in and of themselves, they are patentable if applied "to a new and useful end." Alice, 134 S. Ct. at 2354 (quoting Gottschalk v. Benson, 93 S. Ct. 253 (1972)).

Whether an allegedly abstract idea is patentable turns on a two-step inquiry. First, the court must determine whether the patented claims are directed at abstract ideas. See id. at 2355. If so, the court turns to the second step which asks whether "additional elements 'transform the nature of the claim' into a patent-eligible application." Id. (quoting Mayo Collaborative Servs. v. Prometheus Labs., Inc., 132 S. Ct. 1289, 1297 (2012)). Step two, therefore, "searches for an 'inventive concept' to ensure that in practice, the patent 'amounts to significantly more than a patent upon the ineligible concept itself.'" Id. (cleaned up) (quoting Mayo, 132 S. Ct. at 1294).

**B.**

In ruling on the motion to dismiss, the court treated as representative claim 24 of the initial patent (the '885 patent) and claims 6, 9, 14, and 20 of the continuation patent (the '769 patent'), as those claims were referenced in the original complaint as examples of the protected invention and consistent

with the specific allegations of the complaint. In the amended complaint, plaintiffs also identify claims 1, 2, 4, and 7 of the '769 patent as representative.

"Limiting the analysis of a § 101 challenge to representative claims is proper when the claims at issue are 'substantially similar and linked to the same' ineligible concept." Mobile Acuity Ltd. v. Blippar Ltd., 110 F. 4th 1280, 1290 (Fed. Cir. 2024) (quoting Cleveland Clinic Found. v. True Health Diagnostics LLC, 859 F. 3d 1352, 1360 (Fed. Cir. 2017)). Therefore, "a district court 'may treat a claim as representative in certain situations, such as if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim or if the parties agree to treat a claim as representative.'" Id. (quoting Berkheimer v. HP Inc., 881 F. 3d 1360, 1365 (Fed. Cir. 2018)).

Defendants continue to argue that claim 24 of the initial patent and claims 6, 9, 14, and 20 of the continuation patent remain representative of all the claims in the asserted patents. See Mem. Opp. Mot. to Amend, ECF No. 30 at 12. According to defendants, "all of the newly-identified claims are directed to the exact same abstract idea of marking fabric for cutting or design, and identifying those markings." Id.

For their part, the Tedescos do not really address defendants' argument in this regard nor do they argue that these newly asserted claims are distinctive from the claims formerly found to be representative of the challenged concept. The court concludes that claims 1, 2, 4, and 7 of the '769 patent have no distinctive significance from those claims previously found to be representative. Accordingly, the court will, as it did earlier, treat the following claims as representative: claim 24 of the '885 patent and claims 6, 9, 14, and 20 of the '769 patent.

**C.**

In this case, having considered the proposed amended complaint, the patents at issue, and the parties' submissions, the court remains convinced that the asserted claims are not patent eligible under § 101 because they are directed to a patent-ineligible abstract idea that does not contain an inventive concept. Here, none of the amendments introduced in the proposed amended complaint rectify the patent eligibility issues.

In their efforts to satisfy the Alice test, plaintiffs assert that they "conceived a novel fabric . . . [that] is physically different from prior fabrics . . . because a procedure map—not mere decorative elements—has been physically embedded into the fabric, effectively becoming part of the very

fabric itself." ECF No.34 at 8 (Reply Brief); see also First Amended Complaint at ¶ 3 ("The claims of the patents . . . relate to fabrics encoded with 'procedure maps:' a distributed array of machine-readable registration marks encoding fabric characteristics into the physical substrate of the fabric, in a format enabling automated downstream operations."). They also maintain that the "Tedesco system included production of the altered fabric, prossessing the altered fabric, and automatically cutting the altered fabric. Thus, the elements of the Tedesco system worked together to provide an integrated manufacturing system that could accurately process a ready-for-processing bolt of fabric through the printing and cutting phases of production. . . ." Id. at ¶ 24.

The problem with plaintiffs' argument in this regard is that it goes far beyond the language in the patents themselves. And, "[n]o amendment to a complaint can alter what a patent itself states." Sanderling Mgt. Ltd. v. Snap, Inc., 65 F.4th 698, 706 (Fed. Cir. 2023). The basic subject matter of the claims remains: A procedure by which fabric characteristics are identified and marked onto fabric by a machine. And, for the reasons already expressed, this is an abstract idea and amendment of the complaint cannot change the fact that the representative claims are directed to an abstract idea. The two patents remain directed to the idea of marking fabric. The

amended complaint does not alter the court's prior decision at the first step of Alice.

Courts "have often recognized claims directed to 'a longstanding or fundamental human practice' to be directed to an abstract idea[.]" GoTV Streaming, LLC v. Netflix, Inc., 166 F.4th 1053, 164-65 (Fed. Cir. 2026) (quoting Broadband iTV, Inc. v. Amazon.com, Inc., 113 F.4th 1359, 1367 (Fed. Cir. 2024) (using analogy of a pattern for a dress or trousers or a kitchen-cabinet blueprint to describe abstract nature of claim)); see also Beteiro, LLC v. DraftKings Inc., 104 F.4th 1350, 1355-56 (Fed. Cir. 2024) (affirming dismissal of claims that had "well-settled indicators of abstractness" including the fact that "the district court was able to persuasively analogize Beteiro's patent claims to long-standing 'real world' ('brick and mortar') activities"); Vineyard Investigations v. E&J Gallo Winery, Case No. 1:19-cv-01482-JLT-SKO, 2026 WL 1991815, at *17 (E.D. Cal. July 2, 2026) ("[T]he Asserted Claims are directed to the abstract idea and practice of watering plants based on plant, field, and weather conditions. . . . Indeed, many members of the public engage in such an activity every weekend—look at the weather, the soil, and the specific plant at issue when deciding whether to add more water or nutrients. It is called gardening. That Defendant can persuasively analogize the asserted patent claims to longstanding fundamental practices is

a clue that the claims may be abstract and unpatentable.”) (cleaned up); IngenioShare, LLC v. Epic Games, No. 5:25-cv-00385, 2026 WL 1773964, at *8 (E.D.N.C. June 4, 2026) (“Epic offers a persuasive analogy that supports why the claims are ‘directed to’ an abstract idea of managing electronic communications: a receptionist in an office building . . . . Here, the portal functions like a receptionist.”).

Furthermore, the fact that the marking is done by machine does not make the claimed inventions patent eligible. Automation of a human, manual process is an abstract idea. See Repifi Vendor Logistics, Inc. v. IntelliCentrics, Inc., 2021-1906, 2022 WL 794981, at *2 (Fed. Cir. Mar. 15, 2022) (“[T]he automation of this conventional human process to make it more efficient is itself an abstract idea.”); Voter Verified, Inc. v. Election Systems & Software LLC, 887 F.3d 1376, 1386 (Fed. Cir. 2018) (finding claims were directed to patent-ineligible subject matter where “the claims as a whole are drawn to the concept of voting, verifying the vote and submitting the vote for tabulation. Humans have performed this fundamental activity that forms the basis of our democracy for hundreds of years.”); In re Brown, 645 F. App’x 1014, 1016-17 (Fed. Cir. 2016) (finding a patent aimed at providing a “consistent and repeatable hair cut” which is “achieved through the recited steps of defining a head shape, designating zones, and assigning

patterns to zones" is an abstract idea because "[i]dentifying head shape and applying hair designs accordingly is an abstract idea capable . . . of being performed entirely in one's mind.") (per curiam); CalAmp Wireless Networks Corp. v. ORBCOMM, Inc., 233 F. Supp.3d 509, 513 (E.D. Va. 2017) (finding that automation of a process that "humans have been forever using" did not render patent claim non-abstract under Alice).

**D.**

"The second step in the analysis requires us to determine whether the claims do significantly more than simply describe that abstract method." Ultramercial, Inc. v. Hulu, LLC, 772 F.3d 709, 715 (Fed. Cir. 2014) (citing Mayo Collaborative Serv. v. Prometheus Lab'ys, Inc., 546 U.S. 66, 77-78 (2012)). The transformation of an abstract idea into patent-eligible subject matter "requires more than simply stat[ing] the [abstract idea] while adding the words 'apply it.'" Id. (quoting Alice, 537 U.S. at 221). "A claim that recites an abstract idea must include additional features to ensure that the claim is more than a drafting effort designed to monopolize the abstract idea." Id. (cleaned up). "Those additional features must be more than well-understood, routine, conventional activity." Id. (internal citation and quotation omitted).

Upon turning to state two of the Alice analysis, there is nothing in the amended complaint to remove the claims from the

class of subject matter ineligible for patenting. The Tedesco invention is directed at the abstract idea of marking fabrics to identify fabric characteristics. The patents claim to improve this process by using a machine to improve the efficiency of the otherwise tedious process. However, the invocation of a generic machine to automate a manual process is not inventive; the machine is merely used as a tool. The patents do not describe the machine nor do the claims make reference to a specific machine.

General concepts about how to "make a process more efficient, however, does not necessarily render an abstract idea less abstract." Secured Mail Sols. LLC v. Universal Wilde, Inc., 873 F.3d 905, 910 (Fed. Cir. 2017). For instance, "claiming the improved speed or efficiency inherent with applying the abstract idea on a computer [does not] provide a sufficient inventive concept." Intellectual Ventures I LLC v. Capital One Bank, 792 F.3d 1363, 1367 (Fed. Cir. 2015) (citing Bancorp Servs., LLC v. Sun Life Assurance Co. of Can., 687 F.3d 1266, 1278 (Fed. Cir. 2012)). This is because "[w]hen a claim 'abstractly covers results' without regard to a specific process or machinery for achieving those results, it creates preemption concerns because it 'would prohibit all other persons from making the same thing by any means whatsoever.'" Contour IP Holding LLC v. GoPro, Inc., 113 F.4th 1373, 1379 (Fed. Cir.

2024) (quoting McRO, Inc. v. Bandai Namco Games Am. Inc., 837 F.3d 1299, 1314 (Fed. Cir. 2016)).

The Tedesco patents do not add an inventive concept to the abstract idea of marking fabric characteristics because the patents do not describe a specific process or machinery for achieving the result. The patents describe the abstract concept and essentially say "apply it" using a non-descript machine. The patents' contention that a machine would make this process more efficient is likely true, but, as noted above, the use of a generic machine adds no inventive concept to the abstract idea. Here, the claims of the Asserted Patents merely recite generic actions such as "identifying," "selecting," "providing," or "using" with offering any new machine, inventive solution, or technical details for achieving the claimed result. The claims are written in a "results-focused" way that do not provide an inventive concept. Indeed, the amended complaint confirms that the patent "applications did not disclose or claim any particular machine for applying or detecting the procedure map, as a plethora of textile printers exist and many existing suitable machines equipped with detection apparatus were well known to practitioners and could be used." ECF No. 27-1 at ¶ 27.

Nor does the fact that the invention is directed to the field of textile manufacturing make it eligible for patenting.

("Limiting the claims to the particular technological environment . . . is, without more, insufficient to transform them into patent-eligible applications of the abstract idea at their core." Elec. Power Grp., LLC v. Alstom S.A., 830 F.3d 1350, 1354 (Fed. Cir. 2016).

A complaint that properly alleges that individual elements of a claim are not well-understood, routine, or conventional may create an issue of fact that precludes resolution of a motion to dismiss based on lack of subject matter eligibility. See Cellspin Soft, Inc. v. Fitbit, Inc., 927 F.3d 1306, 1317-18 (Fed. Cir. 2019) ("While we do not read Aatrix to say that any allegations about inventiveness, wholly divorced from the claims or the specification, defeats a motion to dismiss, plausible and specific factual allegations that aspects of the claim are inventive are insufficient."). To survive a § 101 motion, the allegations must be "specific," "plausible," and "concrete." Id. Courts are permitted to disregard conclusory statements when evaluating the sufficiency of the pleadings. See Simio, LLC v. FlexSim Software Prod., Inc., 983 F.3d 1353, 1365 (Fed. Cir. 2020).

Here, the allegations in the amended complaint concerning inventiveness are conclusory. See, e.g., ECF No. 27-1 at ¶ 32 ("This system was not obvious, and the claimed combination was not well-understood, or routine or conventional at the time of

the Tedesco inventions, as evidenced, for example, by the examiner's prompt allowance of the machine-implemented patent claims referred to above."); ¶ 35 ("The ordered combination of elements claimed in each of the patents transformed textile manufacturing[.]"). However, the amended complaint does not disclose how the claims represent technological advantages over what was well-understood, routine and conventional at the time the patents were filed.

Upon review, the proposed amended complaint's newly added inventive concept allegations are precisely the type of conclusory allegations that the court need not accept as true at the motion to dismiss stage. See Iqbal, 556 U.S. at 678. Accordingly, the court holds that the proposed amended complaint is futile as it too fails under the Alice framework.

## IV. Conclusion

For the above reasons, plaintiffs' motion to file an amended complaint is **DENIED.**

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 30th day of September, 2026.

ENTER:

David A. Faber
Senior United States District Judge